**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **HYDROPARTNERS, LLC,** *et al.* | : | **Case No. 1:08 CV 819** |
| | : | |
| **Plaintiffs,** | : | |
| | : | **JUDGE KATHLEEN O'MALLEY** |
| **v.** | : | |
| | : | |
| **ECONERGY ENERGY GENERATION** | : | <u>**ORDER**</u> |
| **LIMITED,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |

This case arises on the Plaintiffs' *Motion for Expedited Discovery* (ECF Doc. 8), which was filed on April 3, 2008.  On April 10, 2008, the Court issued an Order setting the deadline for a response to the *Motion for Expedited Discovery* (ECF Doc. 11), and the Defendants filed a timely response in opposition on April 15, 2008 (ECF Doc. 14).  Upon full consideration of the briefs and applicable law, and for the reasons more fully articulated below, the Court **GRANTS** the Plaintiffs' *Motion for Expedited Discovery*.

## I.  BACKGROUND

This case involves a dispute related to the alleged failure to finalize a Share Purchase Agreement in connection with the construction of a hydroelectric power plant in Brazil.  The Plaintiffs have filed a *Verified Complaint for Injunctive Relief and Specific Performance* (ECF Doc. 1) seeking an Order compelling the Defendants to finalized the agreement at issue.  On April 3, 2008, the Plaintiffs filed a *Motion for Preliminary and Permanent Injunctive Relief and Specific Performance and Request for a Hearing on Their Motion for Permanent Injunction/Specific*

*Performance Prior to May 1, 2008*.  (ECF Doc. 7.)  In its April 10th Order, the Court scheduled a hearing on this motion for May 5, 2008.  (ECF Doc. 11.)

In their *Motion for Expedited Discovery* (Doc. 8), the Plaintiffs are seeking limited expedited discovery pursuant to Rules 26(d) and 30(a) of the Federal Rules of Civil Procedure in advance of the May 5th hearing.  (ECF Doc. 8-2 at 2.)  Specifically, the Plaintiffs request "a single Rule 30(b)(6) deposition of a representative of Econergy most knowledgeable of the reasons why Econergy refuses to close, including any conditions that it might contend have not been met."  (*Id*.)  In support of their motion, the Plaintiffs cite case law and secondary authority for the proposition that expedited discovery is appropriate to enable the parties to prepare for a preliminary injunction hearing.  (*Id.*)  The Plaintiffs, in addition, have filed a *Supplemental Exhibit in Support of Plaintiffs' Motion for Expedited Discovery* (ECF Doc. 12) including a *Proposed Notice of Deposition* informing the Court and the Defendants that they seek to depose a corporate representative on April 29th or 30th, 2008, at the law offices of Squire, Sanders, & Dempsey, L.L.P. and describing the topic of the deposition.

In response, the Defendants state that they intend to file a motion to dismiss on the following two grounds:  (1) lack of personal jurisdiction; and (2) the dispute is subject to an agreement to arbitrate. (ECF Doc. 14.)  The Defendants argue that discovery should not be allowed until the Court has ruled on the anticipated motion to dismiss.  (*Id*.)  In support of their argument, the Defendants cite cases in which the courts within the Sixth Circuit reversed the district court's grant of injunctive relief for lack of personal jurisdiction, and a case in which the Court denied a motion for injunctive relief after finding the dispute was subject to an agreement to arbitrate.  (*Id.* at 2.)  The Defendants request that the Court set a briefing schedule with respect to their anticipated motion to dismiss and stay the motions for injunctive relief and expedited discovery until the Court rules on that motion.

2

(*Id*. at 1.)

## II.  ANALYSIS

The Plaintiffs' motion for expedited discovery is well-taken.  The requested discovery is limited and narrowly tailored to the issue central to the requested injunctive relief.  As noted by the Plaintiffs, such limited discovery in advance of an injunction hearing is supported by applicable law. (ECF Doc. 8-2 at 2-3.)  The authority cited by the Defendants, moreover, does not in any way preclude the Court from authorizing limited, narrowly-tailored expedited discovery in advance of the May 5th preliminary injunction hearing.  Accordingly, the Plaintiffs' *Motion for Expedited Discovery* (ECF Doc. 8) is **GRANTED**.  The Plaintiffs may conduct a single Rule 30(b)(6) deposition as described in their *Proposed Notice of Deposition*.  (ECF Doc. 12-2.)

With respect to the Defendants request that the Court set a briefing schedule for their motion to dismiss for lack of personal jurisdiction and/or because the dispute is subject to an agreement to arbitrate, the Defendants may include these arguments in their brief in response to the Plaintiffs' motion for injunctive relief, which is due by April 25, 2008.  Although the Court specifically stated in its April 10th Order that no reply briefs would be necessary (ECF Doc. 11 at 1), the Plaintiffs may file a Reply limited to any issues of personal jurisdiction and arbitration raised in the Defendants' response by Tuesday, April 29, 2008.  As appropriate, the Court will thus address all of the issues raised in the parties' briefs at the May 5, 2008, preliminary injunction hearing.

## III.  CONCLUSION

Accordingly, the Plaintiffs' *Motion for Expedited Discovery* (ECF Doc. 8) is **<u>GRANTED</u>**. The parties shall confer as soon as possible regarding the logistics of scheduling the deposition as described in the Plaintiffs' *Proposed Notice of Deposition* (ECF Doc. 12-2).  Further, the Defendants

shall raise any arguments regarding personal jurisdiction or arbitration by **April 25, 2008**, in their response to the Plaintiffs' motion for injunctive relief (ECF Doc. 7).  The Plaintiffs may file a Reply limited to any issues related to personal jurisdiction or arbitration, and raised in the Defendants' response, by **April 29, 2008**.


      **IT IS SO ORDERED.**


      **s/Kathleen  M.  O'Malley**
_____
**KATHLEEN  McDONALD  O'MALLEY**
**Dated:**      **April 16, 2008**      **UNITED STATES DISTRICT JUDGE**